## POIRRIER *v.* WHITE.

The act of Congress of 23 January, 1832, relative to the pre-emption rights of settlers on pub-lic lands, only authorised the transfer of certificates of purchase, or final receipts. The pro-hibition to assign or transfer a mere pre-emption right, before a patent had been issued, im-posed by the act of 29 May, 1830, was not repealed or affected by the stat. of 1832; any sale or assignment made in violation of it is null; and a title to the land, subsequently acquired by purchase from the government by the party entitled to the pre-emption, will enure to his benefit, and not to that of the purchaser of the pre-emption right.

APPEAL from the District Court of Bossier, *Taylor,* J. *Lawson,* for the appellant. *Gilbert* and *Landrum,* for the defendant. *Crain,* for the in-tervenors. The judgment of the court was pronounced by

KING, J. In July, 1834, the plaintiff sold to *Robinson* his right of pre-emp-tion to a tract of land, stated in the act of sale to have arisen under the statute of 1839. *Robinson* sold the land, with an adjoining tract acquired from *Prevost,* to the defendant *White,* who gave his three promissory notes for the price, and the land remained specially mortgaged in favor of the vendor to secure their payment. Two of those notes were transferred to *Lambeth & Thompson,* by *Robinson,* with a subrogation to all the rights of mortgage of the latter on the land hypothecated. In 1840, *Poirrier* purchased from the United States the quarter section of land, the right of pre-emption to which he had previously sold to *Robinson,* proving up his claim under the act of 1832. He has now instituted this action for the recovery of the land in question, alleging that his sale to *Robinson,* was in violation of an express prohibition of the law of Congress, and for that reason void. He also claims rents and profits. *White,* the defendant, called his vendor, *Robinson,* in warranty, and prayed that, in the event of evic-

tion, he be allowed compensation for his improvements. *Lambeth & Thompson,* the holders of two of the mortgage notes, have intervened in the suit, and pray that the title of *White* be maintained, but that, in the event of an eviction of the defendant, the plaintiff be decreed to pay them the price which he received from *Robinson* for the land. There was a judgment rendered in favor of the defendant in the court below, quieting him in his title, from which the plaintiff has appealed.

The act of Congress of May 29, 1830, granting pre-emption rights to settlers on public lands provides that " all assignments and transfers of the right of pre-emption given by this act, prior to the issuance of patents, shall be null and void." The act of 1832, supplementary to the act of 1830, authorised persons who had purchased under the act of 1830, to "assign and transfer their *certificates* of *purchase or final receipts,*" and patents to issue in the name of the assignees. The act of the 19th June, 1834, revived the act of 1830, and continued it in force for two years. United States Statutes at large, vol. 4, pp. 420, 496, 698.

It is contended that the act of 1832 authorised the assignment of pre-emption rights, such as were transferred by the plaintiff; that the act of 1834, reviving that of 1830, revived with it the supplementary act of 1832; and that the sale from the plaintiff, having been made subsequently to the passage of the act of 1834, was not forbidden by law. It is not necessary to determine whether the effect of the act of 1834 was to revive the act of 1832, as well as the act of 1830. The act of 1832 only permitted purchasers to assign their *certificates* of *purchase or final receipts*. The prohibition from selling the mere pre-emption right was not repealed nor affected by the act of 1832, but remained in full vigor. That prohibition is express, and the absolute nullity is declared of any sale or assignment made in violation of it. The entry made by plaintiff in 1840, vested in him the title to the land, and authorises a recovery.

The warrantor not having been cited, and having made no appearance in the cause, no judgment can be rendered against him and in favor of his vendee.

*Lambeth & Thompson,* the intervenors, claim, in virtue of their subrogation to the rights of *Robinson,* that, in the event of eviction, the plaintiff pay them the price which he received from *Robinson.* These parties were only subrogated by *Robinson* to all his rights and actions in regard to the notes transferred to them. There was no subrogation, or transfer to them of *Robinson's* recourse in warranty against his vendor, and *Robinson* makes no claim in this suit against his vendor. Justice between the parties requires that the plaintiff should be compelled to reimburse the price which he received from *Robinson;* and we regret that the state of the pleadings does not authorise us to render such a judgment.

The rents of the land have been proved to be worth $196, and the improvements made by the defendant to be worth $160. For the difference, which is $36, the plaintiff is entitled to a judgment.

It is therefore ordered that the judgment of the District Court be reversed. It is further ordered that the the plaintiff recover of the defendant the tract of land designated as the north-west quarter of section one, of township number sixteen, of range number thirteen, containing 112 16-100 acres; and further, that he recover of the defendant the sum of $36. It is further ordered that the defendant pay the costs of both courts.